**TRAVELERS CASUALTY AND SURETY COMPANY, et al., Appellants (Defendants below),**

v.

**UNITED STATES FILTER CORPORATION, n/k/a Water Applications & Systems Corporation, U.S. Filter Surface Preparation Group Inc., n/k/a International Surface Preparation Group Inc., Wheelabrator Technologies Inc., Waste Management Holdings Inc. and Resco Holdings, L.L.C., Appellees (Plaintiffs below).**

No. 49S02–0712–CV–596.

Supreme Court of Indiana.

Oct. 10, 2008.

*ORDER ON ACCESS TO CASE RECORDS*

RANDALL T. SHEPARD, Chief Justice.

This case is presently before the Court on appeal from a judgment of the Marion Superior Court.

While the litigation was pending in the trial court, all or substantially all of the parties tendered a document styled as "Confidentiality Stipulation and Order." The trial court approved the stipulation and made it a court order on April 13, 2005.

The stipulation recited that the parties agreed that this litigation might involve discovery and disclosure of privileged or confidential and sensitive information, that extrinsic agreements might restrain the use of such material, and that it would be desirable to have in place a confidentiality order governing production of all confidential material in the case.

The stipulation proceeded to outline a framework under which information tendered or shared by the parties, both to each other and to the trial court, would be confidential. It provided that at the conclusion of the litigation, any party that had tendered to the trial court material it designated as confidential could request to retrieve it or that the trial court would purge such material from the court's records. It also provided that confidentiality stipulations would be retroactive to the date any confidential document was produced.

Both before and after this stipulation was entered as an order of the trial court, various parties tendered documents and pleadings to the court under seal. Likewise, some matters tendered during the appellate process were filed under seal.

The trial court's Chronological Case Summary appears to indicate that it issued the order of confidentiality without complying with Administrative Rule 9. Among other things, the Rule requires a public hearing before a court can grant a request to prohibit public access to information contained in court records. Rule 9(H)(2). Moreover, neither the stipulation nor the trial court's approval of it address the grounds which must exist if access is to be denied.

Noting these apparent defects in the proceedings before the trial court, we ordered the parties to show cause why the trial court's order should not be vacated, such that the full case record would be available for public inspection.

Waste Management Holdings and others have since responded. Waste Management indicates that certain of the matters it filed under seal should continue to be excluded from public view by virtue of "insurer-insured privilege," citing *Richey v. Chappell,* 594 N.E.2d 443 (Ind.1992). It says, therefore, that the documents submitted are excluded from public view by operation of Ind. Administrative Rule 9(G)(1)(b).

### How Rule 9 Works

■ Agreements between litigants governing the treatment of information exchanged *between them* are well recognized as fostering multiple objectives, including reduction of litigation costs, protection of legitimate trade secrets, and protection of recognized forms of privilege. Trial court orders confirming such agreements can likewise help secure these benefits.

Materials that litigants tender to a court stand on a very different footing. Both the Indiana General Assembly and this Court have adopted public accessibility as the default rule for information submitted to government entities, including the state's courts. The legislature has declared that "all persons are entitled to full and complete information regarding the affairs of government." Ind.Code § 5–14–3–1. Likewise, this Court has adopted rules on public access to court records, "taking into account public policy interests that are not always fully compatible with unrestricted access." Ind. Administrative Rule 9(A) (Commentary).

Rule 9(G) enumerates those documents or other information that are exceptions to this general policy of public access. Many of the exceptions listed in Rule 9(G) represent fields of confidentiality established by legislative determination, such as adoption records (Rule 9(G)(1)(b)(i)) or pre-sentence reports (Rule 9(G)(1)(b)(vii)). Other exceptions flow from this Court's authority, such as the Social Security numbers of living persons (Rule 9(G)(1)(c)) or personal information about jurors (Rule 9(G)(1)(b)(xii)). Finally, the list of exceptions in Rule 9(G) recognizes that certain other information may be excluded from public examination "by specific court order." Rule 9(G)(1)(c). The mechanism for seeking to exclude information of this last sort appears in Rule 9(H), titled "Prohibiting Public Access to Information in Court Records."

■ That a communication is privileged under statute or rule or some common law principle should and typically does shield it from discovery by others, but does not exclude it from public access once the information has been submitted to a court. Thus, the protection recognized in *Richey v. Chappell* does not by itself exclude documents submitted to a court from public access under the terms of Administrative Rule 9(G).

■ Instead, a party or a non-party who tenders documents or information that would be otherwise privileged must request that the court exclude that particular information from public access. Administrative Rule 9(H) provides a process by which any person affected by the release of information may ask the court to exclude it from public access, requires a public hearing before the trial court can grant such exclusion, and lists the grounds on which the court can do so (such as "significant risk of substantial harm").

Other than claiming protection under *Richey*, Waste Management does not proffer any particularized arguments about why the grounds enumerated in Rule 9(H) would have warranted the trial court in excluding the documents it has tendered.

Accordingly, we vacate the trial court's order of April 13, excluding materials from public view.

DICKSON, SULLIVAN, and RUCKER, JJ., concur.

BOEHM, J., not participating.